United States District Court
Southern District of Texas
**ENTERED**
May 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOMINGO MIRANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00271 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation (M&R). (D.E. 23). The M&R recommends that the Court retain Plaintiff's equal protection claims and dismiss all remaining claims. *Id.* at 8. Plaintiff timely objected to the portion of the M&R recommending his remaining claims be dismissed. (D.E. 26). When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Here, Plaintiff argues that his remaining claims should not be dismissed because the First Amendment protects his right to watch cultural programs, which facilitate the rehabilitation of inmates. (D.E. 26, p. 1–2). "[A] prison inmate retains those First

Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). However, unlike printed materials, watching television does not implicate any First Amendment interest sufficient to warrant protection. *See Manley v. Fordice*, 945 F. Supp. 132, 137 (S.D. Miss. 1996) ("No court has recognized a federal constitutional right to the usage of radio and television by inmates"); *Mann v. Smith*, 796 F.2d 79 (5th Cir. 1986) ("Whatever the intrinsic merits of television in comparison with newspapers and magazines, the contents of television are different from what one finds in the printed media"); *see also Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986). Because there is no First Amendment interest in Plaintiff's claim(s), it cannot stand and must be dismissed. Therefore, Plaintiff's objection is **OVERRULED.**

## Conclusion

Having made a de novo disposition of the portions of the M&R to which Plaintiff's objection was directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the M&R (D.E. 23) in its entirety.

(1) Plaintiff's equal protection claims are **RETAINED**; and

(2) Plaintiff's remaining claims are **DISMISSED with prejudice.** *See* (D.E. 22).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
May 9th, 2022