United States District Court
Southern District of Texas
**ENTERED**
September 23, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOMINGO MIRANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00271 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY DEFENDANTS' MOTION TO DISMISS

Plaintiff Domingo Miranda is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 seeking injunctive relief in connection with his being denied access to Spanish language television while incarcerated at the TDCJ McConnell Unit. The undersigned entered a Memorandum and Recommendation ("M&R") finding for purposes of screening in accordance with the Prison Litigation Reform Act that Plaintiff has stated an equal protection claim for injunctive relief. (D.E. 23). The Court adopted the M&R on May 9, 2022. (D.E. 32).

Pending is Defendants' Motion to Dismiss (D.E. 28) which is based on Defendants' arguments that Plaintiff's claims are barred by limitations. The only issue addressed herein is whether Plaintiff's claims are barred by limitations. The merits of Plaintiff's claims and whether or not an equal protection violation actually occurred are not before the Court in the

instant motion.  For the reasons set forth below, the undersigned recommends Defendants'
Motion to Dismiss (D.E. 271) be **DENIED**.

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case
has been referred to the undersigned magistrate judge for case management and making
recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate currently assigned to the McConnell Unit in Beeville, Texas.  He
filed this action on November 17, 2021.  (D.E. 1).  On January 12, 2022, Plaintiff testified at
a *Spears*[1] hearing and explained his claims.  (D.E. 20, transcript).  Plaintiff filed an amended
complaint on February 2, 2022.  (D.E. 22).  On February 16, 2022, the undersigned ordered
service on Defendants.  (D.E. 24).  On April 4, 2022, Defendants filed the instant Motion to
Dismiss.  (D.E. 28).

Plaintiff sues Director Lumpkin and Warden Sanchez in their official capacities for
injunctive relief.  Plaintiff is a Hispanic male who was raised in a household where only
Spanish was spoken.  Plaintiff learned English in school and now speaks both English and
Spanish, however, Spanish is his primary language.

Plaintiff is assigned to a small "pod" at the McConnell Unit.  The undersigned
understands a pod to be a housing unit with multiple inmates.  In Plaintiff's small pod there
are two televisions which are available to Plaintiff on a daily basis when he returns from his

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

work assignment at noon to "lights out."  Plaintiff testified the large housing pods have four televisions.  In all pods, a correctional officer is in charge of the television remote controls. The channel selection is based on a vote by the inmates.  However, according to Plaintiff, Spanish language programming is not allowed on any of the televisions.

Plaintiff alleges that, at one time, the TDCJ allowed for Spanish language programming to be displayed for inmate viewing.  Since 2009 or 2010, the TDCJ discontinued this practice.  Plaintiff claims the decision to discontinue certain Spanish channels constitutes discrimination due to his race, color, and national origin.  However, Plaintiff believes there are still some TDCJ units where Spanish television programming is available to inmates.

## III.    LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678.  When considering

a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## IV.   DEFENDANTS' MOTION

Defendants move to dismiss Plaintiff's case arguing his claims are barred by limitations.  (D.E. 28).  Defendants point out that Plaintiff's own pleadings make it clear the television policy at issue was implemented in 2009 or 2010.  They further argue that there are no other actions mentioned in Plaintiff's amended complaint and because he filed suit about eleven years after the policy change, his claims are barred by limitations.  Defendants argue the continuing violation doctrine is inapplicable because any current discrimination is merely the effects of a policy implemented outside the limitation period.

## V.   DISCUSSION

Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).  Accrual of a § 1983 claim is governed by federal law.  *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).  A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

4 / 9

The timeliness of Plaintiff's claims depends on whether Plaintiff can avail himself of the continuing violation doctrine.  This doctrine is equitable in nature and relieves a plaintiff of establishing that all of the challenged conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls into the limitations period." *Davis v. Foxworth*, No. 6:14cv996, 2016 WL 6436668, *5 (E.D. Tex. Nov. 1, 2016). The continuing violations doctrine extends the limitations period for "otherwise time-barred claims only when the unlawful practice manifests itself over time rather than in a series of discrete acts." *Id.* (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004)).

With regard to the continuing violations doctrine in the context of employment discrimination cases, the Supreme Court distinguishes between discrete acts that form the basis of traditional discrimination claims from continuing conduct that forms the basis of hostile work environment claims.  *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 115-17 (2002).  Claims alleging discrete acts are not subject to the continuing violation doctrine.  *Heath v. Board of Supervisors for Southern University and Agricultural and Mechanical College*, 850 F.3d 731, 737 (5th Cir. 2017).  Conversely, hostile environment claims are subject this doctrine because they involve repeated conduct, which means that the "unlawful employment practice" cannot be said to occur on any particular day. *Morgan*, 536 U.S. at 115–17.

"Thus, claims based on discrete acts are timely only when such acts occurred within the limitations period, and claims based on hostile environment are only timely where at least one act occurred during the limitations period."  *Davis*, 2016 WL 6436668 at *5 (citing *Morgan*, 536 U.S. at 113).  In other words, as long as "an act contributing to the claim occurs

within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.*

The Fifth Circuit Court of Appeals recognizes that the continuing violation doctrine applies the same to Title VII hostile work environment claims as it does to such claims brought under section 1983." *Heath*, 850 F.3d at 739. However, the Fifth Circuit further explained that *Morgan*'s "distinction between 'continuing violations' and 'discrete acts' is not an artifact of Title VII, but is rather a generic feature of federal employment law." *Heath*, 850 F.3d at 740 (quoting *O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d. Cir. 2006)). In *Heath*, the Fifth Circuit further explained that, unlike a hostile environment claim, a retaliation claim based on discrete acts cannot rely on a continuing violation theory. *Heath*, 850 F.3d 741. Additionally, in *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009),the Court found that the continuing violation doctrine "can apply when a prisoner challenges a series of acts that together comprise an Eighth Amendment claim of deliberate indifference to serious medical needs".

Plaintiff's allegations are more akin to a hostile work environment than instances of discrete acts of discrimination. Plaintiff complains that he is subjected to continuous and ongoing discrimination by being denied access to Spanish language television. The instances of discrimination are not isolated or sporadic. Plaintiff's allegations regarding being denied access of Spanish language involve circumstances of an alleged unlawful practice that manifests itself over time rather than in a series of discrete acts. *Davis*, 2016 WL 6436668 at *5 (citing *Pegram*, 361 F.3d at 279).

Plaintiff's *Spears* hearing testimony makes it clear Plaintiff is complaining about re-occurring daily discrimination.  (D.E. 20, pp. 11-19).  In fact, in Plaintiff's response to Defendants' Motion to Dismiss, Plaintiff identifies specific instances of what he characterizes as discriminatory conduct that have occurred since this lawsuit was filed.  (D.E. 29).  For example, Plaintiff alleges black inmates are able to obtain access to television channels that are not in the list of pre-approved channels.  Plaintiff cites an incident which occurred during black history month when black inmates were allowed to watch the "BOUNCE" channel, which was not on the list of approved channels.  (D.E. 29, p. 1).  Plaintiff complains similar requests for Spanish language programing were denied during Hispanic heritage month.  (D.E. 29, p. 1).

Additionally, Plaintiff is not seeking monetary damages.  He is seeking injunctive relief for present, ongoing, continuing conditions of confinement.  The fact that Plaintiff is not seeking to hold a defendant monetarily responsible for something that happened ten years ago, but rather, is seeking injunctive relief for something that is persistent and ongoing, is a factor that weighs in favor of applying the continuing violations doctrine.

Further, Defendants seek dismissal based on Plaintiff's allegation that a TDCJ policy was implemented in 2009 or 2010.  However, Plaintiff also testified that there was a change for no apparent reason and no one could provide Plaintiff with an explanation for the change in available television programing.  (D.E. 20, pp. 8-9).  Plaintiff also alleges that inmates at other TDCJ units are allowed to watch Spanish language television.  Plaintiff did not arrive at the McConnell Unit until 2014.  (D.E. 20, pp. 7-8).  It is unclear whether the complained-of conditions involve a TDCJ-wide policy, a policy unique to the McConnell Unit, or no

policy at all.  In fact, Defendants have not provided the Court with any information about whether such a TDCJ policy actually exists or when it was implemented.  The existence, terms, limitations, exceptions, and effective date of any such policy are currently unclear to the undersigned.  Whether an official policy exists may be relevant and important to resolving the issues before the Court.  The Court has insufficient information to grant a motion to dismiss on limitations grounds, in part, because the alleged policy has not been presented to the Court with clarity.  Based on the record before the Court, the undersigned finds the continuing violation doctrine has been triggered and dismissing this case based on limitations, therefore, is not supported in law or fact.

## VI.    RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Defendants' Motion to Dismiss (D.E. 28) be **DENIED**.

Respectfully submitted on September 23, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).