Case 2:21-cv-00271   Document 39   Filed on 11/09/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOMINGO MIRANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00271 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff Domingo Miranda, appearing *pro se* and *in forma* pauperis, has filed this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's "Declaration for Entry of Default," which is construed as a motion for entry of default judgment. (D.E. 37). For the reasons discussed below, the undersigned respectfully recommends that this motion be denied.

The Court has retained Plaintiff's equal protection claim against Texas Department of Criminal Justice Correctional Institutions Division Director (TDCJ-CID) Bobby Lumpkin and TDCJ McConnell Unit Senior Warden Sanchez (collectively "Defendants") in their official capacities for injunctive relief. (D.E. 23, 32). On September 23, 2022, the undersigned issued a Memorandum and Recommendation (M&R), recommending that Defendants' Motion to Dismiss (D.E. 34) be denied. Defendants did not file any objections to the M&R. On October 28, 2022, District Judge David S. Morales adopted the M&R. (D.E. 35).

Federal Rule of Civil Procedure 55 provides in pertinent part that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Plaintiff has filed a motion seeking entry of default judgment against Defendants. (D.E. 37). Plaintiff contends that Defendants have failed to answer or otherwise defend against Plaintiff's complaint because they did not file a response to the M&R. Defendants, however, are not required to file objections or any kind of response to the M&R. Defendants already have defended against Plaintiff's complaint by filing a motion to dismiss this action. Further, defendants' answer is not due until 14 days after notice of the Court's action on their motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A). The undersigned has entered an order directing defendants to file a responsive pleading on or before November 14, 2022. Plaintiff, therefore, is not entitled to an entry of default judgment in this case.

Accordingly, the undersigned respectfully recommends that Plaintiff's motion for entry of default judgment (D.E. 37) be **DENIED**.

Respectfully submitted on November 9, 2022.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).